## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC. | : | CIVIL ACTION |
| Plaintiff, | : | No. 2:26-cv-5304 |
| vs. | : | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | : | NOTICE OF REMOVAL |
| Defendant. | : | *Document Filed Electronically* |

TO:    CHIEF JUDGE AND JUDGES OF THE UNITED STATES
       DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ON NOTICE TO:

Montgomery County Prothonotary's Office
One Montgomery Plaza
P.O. Box 311
Norristown, PA 19404

Carl W. Hittinger, Esq.
Tyson Y. Herrold, Esq.
Michael E. Neminski, Esq.
Baker & Hostetler LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
*Attorneys for Plaintiff, Bobrick Washroom Equipment, Inc.*

**PLEASE TAKE NOTICE** that Defendant Travelers Property Casualty Company of America ("Travelers"), by and through its counsel, Thomas, Thomas & Hafer LLP, hereby removes this action from the Court of Common Pleas, Montgomery County, Pennsylvania, bearing Case No. 2026-16040 (the "Action"), pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1.      Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick") alleges in its Complaint in this Action that Travelers, which insured Bobrick under a commercial general liability policy, acted in bad faith pursuant to 42 Pa. C.S. § 8371 and committed abuse of process when, in 2017, it initiated against Bobrick the lawsuit captioned *Travelers Property Casualty Company of America v. Bobrick Washtoom Equipment*, C.A. No. 2:17-CV-07823 (C.D. Cal.), which is currently pending in the Middle District of Pennsylvania under C.A. No. 3:18-cv-00094-JFS-PJC (M.D. Pa.) (the "Travelers Lawsuit").

2.      As more fully set forth below, the Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

3.      On or about June 26, 2026, Bobrick filed an original Complaint bearing Case No. 2026-16040 (the "Complaint") in the Court of Common Pleas, Montgomery County, Pennsylvania.  A true and accurate copy of the original Complaint is annexed hereto as "**Exhibit A**."

4.      Travelers was served with Bobrick's Notice to Defend and Complaint effective July 9, 2026.  The executed Affidavit of Service is annexed hereto as "**Exhibit B**."  Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30 days after service was effected upon Travelers.

5.       In its Complaint, Bobrick, a citizen of California, names as Defendant, Travelers, a citizen of Connecticut. (*See* Complaint, Exhibit A ¶¶ 1-2). The parties' citizenship particulars are detailed below.

6.      In its Complaint, Bobrick seeks consequential damages, punitive damages, and attorneys' fees and costs as a result of Travelers' alleged bad faith and abuse of legal process. (*See* Complaint, Exhibit A, Prayer for Relief). The particulars pertaining to the amount in controversy are detailed below.

7.      Because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest, the Action is removable pursuant to 28 U.S.C. § 1332.

8.      The United States District Court for the Eastern District of Pennsylvania encompasses the locality in which the Action is now pending and, thus, this Court is a proper forum pursuant to 28 U.S.C. § 1441(a).

9.      No previous application has been made for the relief requested herein.

10.     As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders are attached hereto as Exhibits A and B.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served promptly on all parties, and a copy will be filed promptly with the Clerk of the Court of Common Pleas, Montgomery County, Pennsylvania.

12.     No admission of fact, law or liability is intended by the filing of this Notice of Removal, and all defenses, motions and pleas are expressly preserved.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

A.      **Diversity of Citizenship Exists Between the Parties**

14.      Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

1.      **The Citizenship of Bobrick**

15.      At the time of service of the Notice of Intent and Complaint and presently, Bobrick was and is a California citizen in that it is a corporation organized and existing under the laws of California and maintains its principal place of business in North Hollywood, California. (*See* Complaint, Exhibit A, at ¶ 1). 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

2.      **The Citizenship of Travelers**

16.      At the time of service of the Notice of Intent and Complaint and presently, Travelers was and is a Connecticut citizen in that it is a corporation organized and existing under the laws of Connecticut and maintains its principal place of business in Hartford, Connecticut. (*See* Complaint, Exhibit A, at ¶ 2). 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

B.      **The Amount In Controversy Requirement Is Satisfied**

17.      In its Complaint, Bobrick asserts two causes of action against Travelers: (i) bad faith pursuant to pursuant to 42 Pa. C.S. § 8371; and (ii) abuse of process. (*See* Complaint, Exhibit A, at ¶¶ 75 – 93).

18. More particularly, Bobrick's Complaint alleges that, in 2017, Travelers filed the Travelers Lawsuit against Bobrick in bad faith in order to deny Bobrick benefits due under a primary commercial general liability policy issued to Bobrick, specifically, defense costs associated with the defense of Bobrick in a Lanham Act lawsuit captioned *Scranton Products, Inc. v. Bobrick Washroom Equipment, Inc*., Case No. 3:14-cv-00853-RDM ("Scranton Products Lawsuit"). (*See* Complaint, Exhibit A, at ¶¶ 5-6, 76 – 78). Bobrick further alleges in this Action that Travelers abused the legal process by initiating the "meritless" Travelers Lawsuit and "used [the Travelers Lawsuit] for an illegitimate purpose, to extort Bobrick for some or all of the $7.5 million settlement payment [obtained by Bobrick in resolution of the Scranton Products Lawsuit] for which Travelers clearly has no right to receive." (*See* Complaint, Exhibit A, at ¶¶ 88 – 90).

19. Bobrick alleges that as a result of Travelers' bad faith and abuse of the legal process, Bobrick has suffered damages, including having to incur unnecessary legal expenses. (*See* Complaint, Exhibit A, at ¶¶ 86, 93).

20. Bobrick's Complaint seeks consequential and punitive damages as well as attorneys' fees. (*See* Complaint, Exhibit A, Prayer for Relief, at 16).

21. Bobrick completed the Civil Cover Sheet filed along with its Complaint by selecting "Money Damages Requested" and identifying the "Amount in Controversy" as "More than $50,000." (*See* Civil Cover Sheet, Exhibit A).

22. Ordinarily, "[i]f removal of a civil action is sought on the basis of" diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § § 1446(c)(2). However, the "notice of removal may assert the amount in controversy" if the initial pleading seeks either (1) "nonmonetary relief;" or (2) "a money judgment, but the State practice either does not permit demand for a specific sum or permits

recovery of damages in excess of the amount demanded." *Id.* § 1446(c)(2)(A). If one of these exceptions applies, then removal based on diversity jurisdiction is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) (explaining that "when a defendant's assertion of the amount in controversy is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

23.    In this Action, Bobrick seeks in damages (among other things) the allegedly "unnecessary" legal expenses it has incurred in defense of the Travelers Lawsuit.  While Bobrick's Complaint does not quantify those legal expenses, the information set forth herein regarding the litigation of the Travelers Lawsuit, coupled with Bobrick's Complaint allegations, demonstrates that those expenses far exceed the $75,000 amount in controversy threshold.

24.    The Travelers Lawsuit, which has been pending for nearly nine years, has generated 316 docket entries with 109 of those representing filings by Bobrick's counsel (which number does not include joint submissions of the parties).  A true and accurate copy of the Travelers Lawsuit docket, Civil Action No. 3:18-cv-00094, is annexed to the attached **Exhibit C**, Certification of Sarah Cobbs, Esq., as "Exhibit C1." *See Thompson v. Citigroup Inc.*, 2026 U.S. Dist. LEXIS 134150 (E.D.Pa. June 16, 2026) (recognizing court may "take judicial notice of prior court proceedings") (citing *Orabi v. AG of the United States*, 738 F.3d 535, 537 n.1 ("We may take judicial notice of the contents of another Court's docket.") (3d Cir. 2014) (collecting cases)) (additional citations omitted).

25.    The robust litigation undertaken in the Travelers Lawsuit, which has yet to be resolved after more than eight years, is evident from a review of the docket alone.  It documents, among other things, substantial motion practice and hearings, including motions on discovery-related issues as well as various contested motions to transfer venue. *See* Exhibit C1.  The litigation, upon information and belief, has also included fourteen witness depositions to date.

26.    A ruling issued by the Court in the Travelers Lawsuit on January 14, 2026, appended to the Cobbs Certification as "**Exhibit C2**," elaborates on the lengthy and extensive nature of the litigation that is evident from the docket alone.  Among other things, it details a seven-years-long dispute between the parties over Travelers' retrieval of inadvertently disclosed privileged documents, culminating in a two-day evidentiary hearing in November of last year involving eighty-six exhibits and testimony from seven witnesses.  (Ex. C2 at 3).

27.    Given the near decade-long duration and actively contested nature of the Travelers Lawsuit, Bobrick's attorneys' fees and litigation expenses incurred in defending that action unquestionably exceed the small threshold sum of $75,000.

28.    By way of comparison, Bobrick's Complaint asserts that it "accrued millions of dollars in fees and costs defending itself [in the Scranton Products Lawsuit]" during a mere seven-month period of arbitrating with Travelers over the hourly rates at which Travelers would pay for Bobrick's defense of that lawsuit. (*See* Complaint, Exhibit A, at ¶¶ 15).  Bobrick further asserts that following that arbitration and "over three years after the Scranton Products Litigation was filed," Travelers "made an over $4 million dollar payment to Bobrick. This represented the additional 60% of fees that Travelers improperly withheld from Bobrick when it refused to pay the full and reasonable rates of Bobrick's attorneys." (*See* Complaint, Exhibit A, at ¶¶ 17).

19. Bobrick's own allegations thus establish that its cost of defending the Scranton Products Litigation, during periods of time far shorter than the time the Travelers Lawsuit has been pending, well exceeded the amount of $75,000.

30. Moreover, the attorney for Bobrick in the Scranton Products Lawsuit, Carl W. Hittinger, Esq. of Baker Hostetler (also counsel in this Action), has represented Bobrick in the Travelers Lawsuit since January 2018. As shown within the docket appended as Exhibit C1, Mr. Hittinger is counsel of record in the Travelers Lawsuit along with three other Baker Hostetler attorneys.

31. Additionally here, along with consequential damages, Bobrick's Complaint in this Action also seeks punitive damages and attorneys' fees. Relatedly, 42 Pa. C.S. § 8371 expressly authorizes recovery of punitive damages as well as attorneys' fees against a defendant insurer "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured. . ..*" See Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-1504, 2025 U.S. Dist. LEXIS 195102, *5-6 (M.D. Pa. Oct. 2, 2025) (recognizing that demands for punitive damages and attorneys' fees in statutory bad faith action must be considered when determining amount in controversy); *see also Thach v. State Farm Fire & Cas. Co.*, No. 19-5050, 2020 U.S. Dist. LEXIS 121758, *10 (E.D. Pa. July 10, 2020) (finding amount in controversy satisfied where plaintiff pleaded actual damages of $65,201.94 and sought punitive damages and attorneys' fees for statutory bad faith under 42 Pa. C.S. § 8371); *Winslow v. Progressive Specialty Ins. Co., Inc.*, No. 3:18-CV-1094, 2018 U.S. Dist. LEXIS 123266, *4-5 (M.D. Pa. July 24, 2018) (finding amount in controversy satisfied where plaintiff sought collision coverage benefits in excess of $14,500 and punitive damages for alleged bad faith under Pennsylvania law); *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013) (finding amount in controversy satisfied where

plaintiff pleaded consequential damages of $55,315 and alleged bad faith under 42 Pa. C.S. § 8371, under which punitive damages and attorneys' fees are available); *Hamm v. Allstate Prop. & Cas. Co.*, 908 F. Supp. 2d 656, 664 (W.D. Pa. 2012) (finding amount in controversy satisfied where plaintiff sought breach of contract damages in excess of $25,000, and punitive damages and attorneys' fees under 42 Pa. C.S. § 8371).

32.    Bobrick's Complaint allegations and the information set forth in the preceding paragraphs and related exhibits demonstrate that the amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest, fees, and costs.

**WHEREFORE**, Defendant Travelers Property Casualty Company of America respectfully requests that this Action be removed from the Court of Common Pleas of Montgomery County, Pennsylvania to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

By:___/s/ Sarah E. Cobbs_____
Sarah E. Cobbs / PA ID 318194
US Steel Tower
600 Grant Street, Suite 2600
Pittsburgh, PA 15219
(412) 697-7403
scobbs@tthlaw.com
*Counsel for Defendant, Travelers Property Casualty Company of America*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the **Notice of Removal** has been served on all counsel of record, via electronic mail and First Class U.S. Mail, postage prepaid, on the 28th day of July 2026.

Montgomery County Prothonotary's Office
One Montgomery Plaza
P.O. Box 311
Norristown, PA 19404

Carl W. Hittinger, Esquire
chittinger@bakerlaw.com
Tyson Y. Herrold, Esquire
therrold@bakerlaw.com
Michael E. Neminski, Esquire
mneminski@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
*Attorneys for Plaintiff, Bobrick Washroom Equipment, Inc.*

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

BY:  ___/s/ Sarah E. Cobbs_____
SARAH E. COBBS, ESQUIRE
*Counsel for Defendant, Travelers Property Casualty Company of America*